FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

02 SEP 30 PM 4:36

U.S. DISTRICT COURT
N.D. OF ALABAMA

VICKI PARKER,                    ]
                                 ]
   Plaintiff(s),             ]
                                 ]
vs.                              ]   CV-99-N-0038-S
                                 ]
WENDY'S INTERNATIONAL, INC.      ]
and WEN-ALABAMA, INC.,           ]
                                 ]
   Defendant(s).             ]

ENTERED

OCT 0 1 2002

### Memorandum of Opinion

Before the court is a motion to dismiss, more properly characterized as a 12(c) motion for judgment on the pleadings,[1] filed on August 16, 2002 by defendants Wendy's International, Inc. and Wen-Alabama, Inc. [Doc. # 27.] The parties having had a full and fair opportunity to brief the issues raised by the defendants,[2] the motion is now ripe for decision.

Judgment on the pleadings is proper where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.[3] *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). For purposes of a motion for

---

[1] A motion for judgment on the pleadings is properly raised "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). The complaint was filed on January 8, 1999, the answer was filed on February 10, 1999, and the amended complaint was filed on April 12, 1999. Thus, the pleadings were closed by April 12, 1999.

[2] The plaintiff did not respond to defendants' motion to dismiss.

[3] The defendants have included in their submission in support of the motion a copy of the docket sheet from the Bankruptcy Court proceeding relevant to the issues before the court. As "[a] court may take judicial notice of its own records and the records of inferior courts," *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), that document may properly be considered by the court in disposing of the motion for judgment on the pleadings.

judgment on the pleadings, the court accepts the facts alleged in the complaint as true and draws all inferences that favor the non-movant. *Id.*

Accepting all the facts alleged in the complaint as true, the court must grant the defendants' motion for judgment on the pleadings because it finds that this case is factually and procedurally indistinguishable from the recent Eleventh Circuit opinion in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (2002). In a factual setting on all fours with the facts of this case, the Eleventh Circuit in *Burnes* held that the plaintiff's failure to disclose an employment discrimination claim in a concurrent bankruptcy proceeding, which ultimately resulted in a "no asset" discharge of the plaintiff's debts, warranted the application of judicial estoppel to bar the discrimination claim insofar as it sought monetary damages. In this case, the plaintiff failed to disclose the existence of her discrimination claim, which had been pending for over two years, when she filed for Chapter 7 bankruptcy on February 9, 2001. The bankruptcy proceedings resulted in the discharge of plaintiff's debts. The facts of this case are sufficiently analogous to those in *Burnes* that under the clearly applicable reasoning of that case, Parker's discrimination claim seeking monetary relief must be dismissed.[4]

---

[4] The Eleventh Circuit in *Burnes* held that judicial estoppel did not apply to bar the plaintiff's claim for injunctive relief. Although the complaint in this case included a prayer for declaratory and injunctive relief, the pretrial order, entered by Magistrate Davis on April 10, 2001 [Doc. # 15], indicates that the plaintiff "seeks compensatory and punitive damages in an amount to be determined by a jury" without referring to any claims for declaratory or injunctive relief. The pretrial order "shall control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and "must set forth all of the . . . legal issues to be presented at trial, and . . . an issue should be considered as waived by the parties if not included in the pretrial order." *Gibbons v. Auburn Univ. at Montgomery*, 108 F. Supp. 2d 1311, 1322 (M.D. Ala. 2000) (citing *Morro v. City of Birmingham*, 117 F.3d 508, 516 n.3 (11th Cir. 1997)). *See also Anderson v. McAllister Towing & Transp. Co., Inc.*, 17 F. Supp. 2d 1280, 1282 n.2 (S.D. Ala. 1998) ("If a claim or defense is not raised [in the pretrial order], it is lost."). The plaintiff's failure to ensure that her claims for declaratory and injunctive relief were included in the pretrial order, coupled with her failure to raise any issue with respect to those claims in response to the motion before the court, lead the court to conclude that she has waived her claims for declaratory and injunctive relief.

Therefore, it is hereby **ORDERED, ADJUDGED, and DECREED** that defendants' motion for judgment on the pleadings is **GRANTED** and this cause is **DISMISSED WITH PREJUDICE**. Costs will be taxed against the plaintiff and in favor of the defendant.

Done, this 30th of September, 2002.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE